CHARLES OSBORN *vs.* SELECTMEN OF LENOX.

Under Gen. Sts. *c.* 88, § 64, one who suffers loss by reason of the worrying, maiming or killing of his horse by dogs is, upon proof thereof, entitled to an order from the selectmen of the town wherein the damage is done, upon the treasurer of the town, for the amount of his loss, to be paid from the fund created by taxes on dogs according to the provisions of that statute; and if the selectmen refuse to draw such order, upon proof of the facts, a writ of *mandamus* will be granted, ordering them to do so.

PETITION for a *mandamus.*   The petitioner set forth that while he was driving his horse, properly harnessed in a wagon,

and using proper care and skill, in a public highway in Lenox in the county of Berkshire, a dog owned in that town ran at the horse, and barked at and bit him, and worried and frightened him so that he became unmanageable and ran away, and was so bruised and injured that he became worthless and had to be killed ; that he had presented proof of the facts to the selectmen of Lenox, and requested them to draw an order in his favor upon the treasurer of that town for the amount of his loss, which they refused to do. He therefore prayed for a writ of *mandamus,* ordering them to draw an order in his favor, according to his request. The respondents in their answer admitted the truth of the facts set forth in the petition, and averred that in their opinion the Gen. Sts. *c.* 88, § 64, were not intended to cover a case like the present, and did not authorize them to draw the order requested by the petitioner.

*A. J. Waterman,* for the petitioner.

*G. J. Tucker,* for the respondents. The statute was designed to protect sheep and lambs, and animals of that kind, which are defenceless against dogs, and liable to be worried, and which are put out to pasture ; and not horses, and animals in the highway, under the immediate care of a master. The damages claimed are too remote. The dog frightened the horse, and the horse ran, and the injury was caused by subsequent events. A construction of the statute which would cover this loss, would cover an injury to the wagon also, which was caused by the worrying of the horse just as much as the injury to the horse himself. The amount of the fund provided is so small that it could not have been designed to cover losses of this description.

DEWEY, J. The original purpose of raising a fund from a tax upon dogs was very obviously to provide more ample means for remunerating the owners of sheep and lambs for damages occasioned to them by dogs. Probably a leading object was to provide such remuneration for injuries, where the owners of the dogs which had occasioned the mischief were unknown, and the party injured could not therefore resort to them, under the provisions of the statute giving double damages, to be recovered of the owners of such dogs.

The earliest statute upon this subject is that of 1858, *c.* 139, entitled " An act for the better preservation of sheep from the ravages of dogs." Both this statute and that of 1859, *c.* 225, in relation to the same subject, confined the right to resort to the fund raised by the tax on dogs to the cases of loss from the worrying, maiming or killing of sheep and lambs. But the Gen. Sts. *c.* 88, § 64, have extended the right to resort to this fund to a much larger class of cases. By its provisions, " whoever suffers loss by reason of the worrying, maiming or killing of his sheep, lambs, or other domestic animals, by dogs," may claim to have his damages paid out of this fund, either in whole or *pro rata*, as the fund may be sufficient or otherwise.

Such extended application of the fund may perhaps defeat in part the primary object of protecting sheep from the ravages of dogs. It is for us, however, to give effect to the statute as it is enacted, and in doing so we do not feel authorized to exclude from its application the case of horses worried, maimed or killed by dogs. The statute uses the broad term " domestic animals." Horses are certainly embraced within that description, and therefore their owners are entitled to make application for the relief provided by the statute. It was the duty of the selectmen of Lenox to proceed to inquire whether the petitioner had suffered loss by reason of the worrying, maiming or killing of his horse by dogs. The killing, if damages be claimed for that injury, must be the immediate consequence of the acts of the dog, which are the subject of complaint. *Mandamus granted.*